**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| MALIBU MEDIA, LLC, | * |
| Plaintiff, | * |
| v. | * Civil Action No.  1:14cv1529 LO-JFA |
| JOHN DOE subscriber assigned IP address, 108.18.145.217 | * |
| Defendant | * |

### *REPLY MEMORANDUM OF JOHN DOE*

COMES NOW John Doe and for her reply to the Plaintiff's Response in Opposition to Defendant's Motion to Quash states as follows:

**I.      STATUS OF VERIZON FIOS.**

Malibu Media, LLC ("Malibu Media") concedes that there is no entity known as Verizon FiOS.  Malibu Media is the one that requested a subpoena be issued to Verizon FiOS in its Motion (Docket Entry #3).  Malibu Media's proposed Order authorized a subpoena be issued to Verizon FiOS (Docket Entry #6).  Malibu Media then proceeded to issue a subpoena to Verizon Online, LLC.  There is no competent evidence before this Court that Verizon FiOS is in fact the same as Verizon Online, LLC.  In fact this Court can take judicial notice of the records of the Virginia State Corporation Commission that there is no entity (trade name or otherwise) authorized to conduct business in Virginia known as Verizon FiOS.

Malibu Media has sought extraordinary relief from this Court seeking on an ex parte basis a subpoena compelling production of information about his Defendant.  Malibu Media has developed a profitable business model pursuing litigation of this type not only in this forum but across the country.  It should be made to comply with basic rules of litigation i.e.,

compliance with Court Orders. The Order in this instance authorized issuance of a subpoena to Verizon FiOS. Without leave of Court, Malibu Media chose to go beyond the scope of that Order and issued a subpoena to an entity not addressed by the Court Order.

Malibu Media now suggests that this Defendant lacks standing to raise that objection citing *United States v. Idema*, 118 Fed. Appx. 740, 744 (4th Cir. 2005). The Court noted in that case that a party has standing to challenge a subpoena issued to a nonparty only if the party objects on the basis of personal right or privilege in the information sought by the subpoena. Certainly this John Doe has a personal right to the information that is sought in this subpoena i.e., her name and address.

Even if this Defendant did not have such a personal right, this Court certainly has an interest in assuring compliance with its own Orders and therefore the matter could be raised *sua sponte* by the Court.

## II.     RULE 45(d)(3).

Rule 45(d)(3) sets forth certain bases for a Motion to Quash. Under subsection (A)(iii) such a motion may be considered where it involves disclosure of protected matter if no exception or waiver applies. The name and address of this Defendant certainly qualifies as protected matter where this Defendant through Counsel has affirmatively stated and is prepared to so state under oath that she is not the infringer and has no information as to who is the infringer.

Malibu Media's retort to that is that it is premature to deal with the merits of who the infringer is. Although it may be premature to deal with that precise issue, it is not premature for this Court to deal with the question of whether the identity of John Doe should be disclosed in face of:

1.     John Doe's affirmative assertions through Counsel that she is not the infringer and that she has no knowledge as to who the infringer may be.

      2.      Malibu Media's failure to assert any means by which it could ever prove that John Doe is the infringer in light of her denial.

      3.      Malibu Media's issuance of a subpoena to entity that was not authorized by the Court pursuant to Malibu Media's own Motion.

### III.  STATUS OF MR. HOPPE.

Upon the filing of this underlying Motion, the undersigned received a phone call from Jon Hoppe requesting that a copy of the Motion be emailed to him at his Maryland office since he would be the one handling this matter. The undersigned complied with that request. Mr. Hoppe has been admitted *pro hac vice* in this case by Order of December 1, 2014. Under Virginia Supreme Court Rule 1A:4(5) a Court shall deny a Motion Pro Hac Vice if the attorney has been admitted in any tribunal in Virginia in twelve (12) cases within the last twelve (12) months. In the enforcement of this limitation the tribunal may consider whether the pending cases are related to or are a consolidated matter of other cases. Mr. Hoppe had been admitted *pro hac vice* in this Court over one hundred (100) times in the twelve (12)-month period prior to his admission in this case. Although this Court is not bound by the Rules of the Virginia Supreme Court, they may provide some guidance to this Court as to whether or not it is appropriate for an attorney to repeatedly come into this jurisdiction and practice law when he is not a member of the Bar of Virginia. This issue is raised at this point so that Mr. Hoppe is aware that this objection will be raised by the undersigned at the time of oral argument if he should be the one making the oral argument.

        /s/ Brien A. Roche
Brien A. Roche, Esq., VSB #16165
Johnson & Roche
8355A Greensboro Drive
McLean, Virginia 22102
*Tel:* (703) 821-3740
*Fax:* (703) 790-9462
brienroche@aol.com
*Counsel for John Doe*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this   6th   day of February, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court for the Eastern District of Virginia, using the CM/ECF system, which will then send a notification of such filing to the following:

William E. Tabot, Esq.
9248 Mosby Street
Manassas, Virginia 20110
*Tel:*   (703) 530-7075
*Fax:*  (703) 530-9125
wetabotesq@wetlawfirm.com
*Counsel for Malibu Media, LLC*

　　　　　　　　　　　　　　　　　　　　　　/s/ Brien A. Roche
　　　　　　　　　　　　　　　　　　　　　　Brien A. Roche